UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JERMAINE ROBERT BLAIR,

Plaintiff,

v.

M. TRIMBLE et al.,

Defendants.

Case No.: 15cv945 BAS (RBB)

**REPORT AND RECOMMENDATION GRANTING MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 19, 20] AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [ECF NO. 22]**

Plaintiff Jermaine Robert Blair, a state prisoner proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 on April 27, 2015 [ECF Nos. 1, 3]. Blair claims that Defendants Trimble, Montgomery, McNair, and Valdez violated his rights under the Eighth Amendment to the United States Constitution during and after an incident that occurred outside of the prison dining hall on October 7, 2014, while he was incarcerated at Calipatria State Prison. (See Compl. 3-5, ECF No. 1.)[1] After being given two extensions of time [ECF Nos. 7, 15], Defendants filed several motions regarding Plaintiff's Complaint [ECF Nos. 19, 20, 22].

---

[1] The Court will cite to documents as paginated on the electronic case filing system.

On December 2, 2015, Defendant Valdez filed a "Motion for Summary Judgment as to Plaintiff's Failure to Exhaust All Administrative Remedies" [ECF No. 19]. Defendants Montgomery and McNair then filed a "Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies" on December 4, 2015 [ECF No. 20]. These two Defendants also filed a "Notice of Errata re Memorandum of Points and Authorities in Support of Motion for Summary Judgment for Failure to Exhaust Administrative Remedies" the same day [ECF No. 21]. On December 16, 2015, Plaintiff filed an "Opposition to Summary Judgment for Defendants: Montgomery, M. McNair and O. Valdez" [ECF No. 25]. Defendants Montgomery and McNair filed a reply on December 21, 2015 [ECF No. 26], and Defendant Valdez filed his reply the following day [ECF No. 29].

On December 7, 2015, Defendants Trimble, Montgomery, and McNair filed a Motion to Dismiss Plaintiff's Second Amended [sic] Complaint [ECF No. 22].[2] On the same day, the Court issued an order giving the Plaintiff notice of the Defendants' motions for summary judgment and advising him of the requirements of Rule 56 of the Federal Rules of Civil Procedure. Blair later filed "Plaintiff's Reply and Opposition to Defendant's Motion to Dismiss" on December 18, 2015 [ECF No. 27], and Defendants Trimble, Montgomery, and McNair filed a reply on December 22, 2015 [ECF No. 28].

The Court has reviewed the Complaint, all three dispositive motions, and the oppositions and replies filed in connection with those motions. For the reasons discussed below, the motions for summary judgment [ECF Nos. 19, 20] should be **GRANTED** and the Motion to Dismiss [ECF No. 22] should be **GRANTED in part and DENIED in part**.

---

[2] This motion is incorrectly captioned as a "Motion to Dismiss Plaintiff's Second Amended Complaint." (<u>See</u> Mot. Dismiss 1, ECF No. 22.) Blair has only filed one Complaint in this action [ECF No. 1].

## I. FACTUAL BACKGROUND

The allegations in the Complaint arise from events that began in October of 2014, while Plaintiff was incarcerated at Calipatria State Prison. (Compl. 1, ECF No. 1.) Blair asserts that Defendants violated his Eighth Amendment right to "Freedom from Cruel and Unusual [Punishment]" and that Defendant Trimble subjected him to excessive and unnecessary force that caused him injuries. (Id. at 3.) Plaintiff contends that on October 7, 2014, he left the dining hall after dinner. (Id.) He was not far from the dining hall door when he turned around because he heard what he describes as "an excited voice." (Id.) Blair maintains that Defendant Trimble stated, "'Yeah shithead, I'm talking to you!'" as well as another statement that Plaintiff describes as disrespectful and unintelligible. (Id.) In response, Blair replied, "'Fuck You'" to Trimble. (Id.) Plaintiff alleges that Defendant Trimble then approached him "in an aggressive manner, became overly physical and told me to turn my ass around and he had something for my ass." (Id.) Blair asserts that he complied with this order but that Trimble placed handcuffs on him "with such force they lacerated my skin and immediately stopped circulation." (Id.)

The Defendant placed his hands on Blair and propelled him forward in what Plaintiff describes as "an aggressive fashion." (Id.) He began to lead Blair to the program office when Plaintiff asked Trimble, "'What the fuck are you doing[?]'" (Id.) Plaintiff asked this because Defendant's tactics were overly aggressive, excessive, and unnecessary. (Id.) Trimble responded saying, "'Shut the fuck up, you're nothing but a thug.'" (Id.) Plaintiff asked again because Trimble was continuing to act aggressively and Blair's wrists were in pain from the handcuffs, which he contends were applied "with an intent to inflict pain." (Id. at 4.) Defendant responded, "'Shut the fuck up before I slam you on your face.'" (Id.) Plaintiff describes the subsequent struggle that ensued between the two as follows:

> He then attempted to slam me face first into the asphalt but I ended up on my knees; with him now applying a choke hold, attempting to choke me out. Additional officers responded to the scene and Sgt. R. Diaz had to order officer M. Trimble to, "Stop, back away" before he released his choke hold.

> I was subsequently escorted to the "B" facility Program Office without further incident.

(Id. (internal citation omitted).) Blair asserts that Trimble's actions caused him multiple physical injuries, including swollen hands and wrists, lacerations on his wrists, nerve damage to one of his hands, a broken pinkie finger that is permanently disfigured, and an abrasion to one of his knees. (Id.) Plaintiff concludes that Trimble "was overreacting and attempting to provoke me." (Id.)

Following the October 7, 2014 incident with Defendant Trimble, Plaintiff was placed in administrative segregation for sixteen days. (Id. at 4-5.) Blair alleges that he suffered emotional and mental harm as a result of the confrontation and his subsequent placement in administrative segregation. (Id. at 4.) Plaintiff complains that he was placed in solitary confinement "for merely asserting an allegation of excessive force by a correctional officer." (Id.) Blair states that Defendant McNair told him his placement was procedural and to protect the integrity of the investigation. (Id. at 4-5.) Plaintiff does not describe the investigation, but Blair complains that he was kept in solitary confinement for sixteen days without his property, and this caused him undue stress. (Id. at 5.) Plaintiff contends that he has recurring nightmares and is "now apprehensive in the presence of officers and wary of physical contact with them."

Blair alleges that Defendant Trimble "has a well[-]documented history of deleterious physical encounters with inmates." (Id.) Because of this, he also listed Warden Montgomery, Captain McNair, and Lieutenant Valdez as Defendants. (Id.) Blair further explains the basis for imposing liability on these prison staff members:

> CDCR rules require that staff write a report every time force is used and that supervisors, including a Warden's committee, review every use of force to make sure that it did not violate CDCR rules. Officer M. Trimble's inordinate amount of forceful encounters, confrontational disposition and previous history all dictate he should have been relegated, at a minimum, to a post with limited contact with inmates.

(Id.) These supervising officials allowed "a pattern of excessive force against prisoners and/or failed to establish adequate procedures for controlling the use of force, despite knowing that this failure created grave risks to prisoners' safety." (Id.)

## II. DISCUSSION

### A. Motions for Summary Judgment

#### 1. Legal standards

##### a. Standards applicable to pro se litigants

Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). The Ninth Circuit has extended this maxim to include pro se filings, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), and is not limited to complaints or pleadings. The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted). This rule of liberal construction will be applied to Blair's complaint and filings in opposition to the Defendants' motions for summary judgment.

##### b. Standards for summary judgment motions

Federal Rule of Civil Procedure 56(a) provides, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Like the standard for a directed verdict, judgment must be entered for the moving party "if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (citing Brady v. S. Ry. Co., 320 U.S. 476, 479-80 (1943)). "If reasonable minds could differ," judgment should not be entered in favor of the moving party. Id. at 250-51; see Blankenhorn v. Orange, 485 F.3d 463, 470 (9th Cir. 2007).

The parties bear the same substantive burden of proof that would apply at a trial on the merits, including the plaintiff's burden to establish any element essential to his case.

Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999); Anderson, 477 U.S. at 252; see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). "When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The absence of a genuine issue of material fact on a single element of a claim is sufficient to warrant summary judgment on that claim. Celotex Corp., 477 U.S. at 322-23.

The moving party bears the initial burden of identifying the pleadings and evidence it "believes demonstrate the absence of a genuine issue of material fact." Id. at 323. The nonmoving party then has the burden of establishing, beyond the pleadings, that there is a genuine issue for trial. Id. at 324. To successfully rebut a defendant's properly supported motion for summary judgment, the "plaintiff[] must point to some facts in the record that demonstrate a genuine issue of material fact and, with all reasonable inferences made in the plaintiff['s[] favor, could convince a reasonable jury to find for the plaintiff[]." Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 738 (9th Cir. 2000) (citing Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323; Anderson, 477 U.S. at 249). Material issues are those that "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248; see SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In deciding whether any genuine issue of material fact remains for trial, courts must "view[] the evidence in the light most favorable to the nonmoving party." Fontana v. Haskin, 262 F.3d 871, 876 (9th Cir. 2001). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). While the district court is not required to search the entire record for an issue of fact, the court

may nevertheless exercise its discretion to consider materials in the record that are not specifically referenced. Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

When the nonmoving party is proceeding pro se, the court has a duty to consider "all of [the nonmovant's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the nonmovant] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004) (citations omitted).

**c. Failure to exhaust administrative remedies**

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a) (West 2012). The exhaustion requirement applies regardless of the relief sought. Booth v. Churner, 532 U.S. 731, 741 (2001).

The Ninth Circuit recently held in Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014), that whether a plaintiff exhausted administrative remedies is properly raised in a motion for summary judgment. The initial burden falls on the defendant to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant does so, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. Defendant, however, has the ultimate burden of proof. Id.

**d. The administrative grievance process**

The California Department of Corrections and Rehabilitation ("CDCR") allows inmates to "appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect

upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15 § 3084.1(a) (2011). In January of 2011, the CDCR changed its four-step grievance process to a three-step process. Wright v. Peters, No. 13cv3024 BTM (NLS), 2015 WL 541328, at *3 (S.D. Cal. Feb. 9, 2015). Currently, "CDCR's appeal process consists of three formal levels of appeal: (1) first formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level appeal filed with the institution head or designee, and (3) third formal level appeal filed with the CDCR director or designee." Rayford v. Medina, Case No. 14–cv–01318–VC, 2015 WL 738350, at *2 (N.D. Cal. Feb. 20, 2015) (citing Cal. Code Regs. tit. 15 §§ 3084.7, 3084.8). A prisoner must proceed through all levels of the administrative process prior to initiating a § 1983 action in federal court. See Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

An inmate's grievances must be "sufficient under the circumstances to put the prison on notice of the potential claims and to fulfill the basic purposes of the exhaustion requirement." Irvin v. Zamora, 161 F. Supp. 2d 1125, 1135 (S.D. Cal. 2001). Exhaustion serves several important purposes, including "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Jones v. Bock, 549 U.S. 199, 219 (2007) (citing Woodford v. Ngo, 548 U.S. 81, 88-91 (2006), Porter v. Nussle, 534 U.S. 516, 524-25 (2002)).

**2. Discussion**

As a preliminary matter, neither the Complaint nor the opposition to the motions for summary judgment were signed under penalty of perjury. (See Compl. 9, ECF No. 1; Opp'n Mots. Summ. J. 5, ECF No. 25.) Normally, documents not signed under penalty of perjury cannot be considered on summary judgment. See Jones v. Blanas, 393 F.3d at 923 (examining verified pleadings and motions in opposition to summary judgment). But "the Ninth Circuit appears to require district courts to consider some unsworn, inadmissible material in the summary judgment analysis." Rosenfeld v. Mastin, No. CV

11-7002 DOC(E), 2013 U.S. Dist. LEXIS 151869, at *11 (C.D. Cal. Sept. 11, 2013) (citing Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003)).

> Thus, the rule of Fraser v. Goodale appears to be that where the party opposing summary judgment manifestly has personal knowledge of the unsworn, inadmissible material submitted, such that the party could present the content of the material in admissible form at trial, the court should consider the material in the summary judgment analysis.

Yet, even taking Blair's documents into account, for the reasons explained below, he fails to show that an issue of material fact exists. See Collins v. Chesapeake Commons Holdings, LLC, No. CIV S-09-1816 FCD EFB PS, 2011 U.S. Dist. LEXIS 69428, at *2-3 n.2 (E.D. Cal. June 28, 2011) (granting summary judgment for moving party, even after considering documents not signed under penalty of perjury by the opposing party).

In his motion, Defendant Valdez explains that he "moves for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies with respect to the Eight Amendment claims asserted against Defendant O. Valdez in the Complaint as required by 42 U.S.C. § 1997e(a), the Prison Litigation Reform Act ('PLRA')." (Def. Valdez Mot. Summ. J. Attach. #1 Mem. P. & A. 4, ECF No. 19.) Valdez argues that there is no genuine dispute that Blair failed to exhaust the prison's administrative grievance procedure prior to initiating his lawsuit. (Id.) While Plaintiff did file an appeal related to his claims, the "appeal alleged that Defendant Trimble utilized excessive force against Plaintiff on October 7, 2014. That appeal contains no mention of O. Valdez nor does it contain allegations related to the substance of Plaintiff's claims against O. Valdez." (Id. at 9.) In addition, Blair did not allege that Valdez failed "to report an instance of use of force by Trimble, to assign Trimble to a role with no inmate contact, or to establish procedures for controlling use of force." (Id.) Valdez concludes that the absence of an administrative appeal naming him constitutes a failure to exhaust Plaintiff's administrative claims, (id.), and that circumstances that may excuse exhaustion are not present, (id. at 10).

Defendants Montgomery and McNair similarly assert in their motion that "[b]ecause there is no genuine dispute that Plaintiff failed to exhaust the administrative grievance procedures before bringing this action, Defendants are entitled to summary judgment and dismissal of the Complaint." (Defs. Montgomery & McNair Mot. Summ. J. Attach. #1 Mem. P. & A. 2, ECF No. 20 (citing Fed. R. Civ. P. 56).) They acknowledge that Blair filed appeals at all three levels, but the appeals only named Defendant Trimble. (Id. at 4 (citations omitted).) Plaintiff's appeals did not identify Montgomery or McNair nor has he filed any appeal regarding his allegations against them. (Id. at 4-5 (citations omitted).) These Defendants explain that "Plaintiff did not identify [either of them], by name or rank, . . . in his appeal regarding the October 7, 2014 incident." (Id. at 7-8 (citations omitted).) Furthermore, Blair did not raise the issue of improper supervision or deliberate indifference by Montgomery or McNair. (Id. at 8.) Montgomery and McNair conclude that "the allegations in Plaintiff s Appeal Log # CAL-14-01828 are insufficient to have put the CAL administration, or CDCR, on notice that either Warden Montgomery or Captain McNair were a necessary party to the appeal for investigation purposes[,]" (id. at 8), and further argue that Blair is not excused for his failure to file an appeal against them, (id. at 9).

In his opposition to the motions for summary judgment, Plaintiff characterizes the motions as "a classic case of putting style before substance." (Opp'n Mots. Summ. J. 2, ECF No. 25.) Blair contends that by naming Defendant Trimble in his administrative appeals, he complied with the exhaustion requirement of the PLRA as to his claims against all Defendants. (Id.) Citing Irvin, 161 F. Supp. 2d 1125, Plaintiff asserts that "grievances that put officials on notice of the potential claims may be adequate even if [they do] not specifically name all the defendants responsible for the incident." (Id. (citing Irvin, 161 F. Supp. 2d 1125).) Blair additionally cites Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), and Gomez v. Winslow, 177 F. Supp. 2d 977 (N.D. Cal. 2001), in support of his argument that his appeals put all Defendants on notice of his claims. (Id. at 2-3 (citing Griffin, 557 F.3d 1117; Gomez, 177 F. Supp. 2d 977).) Plaintiff further

argues that "[t]he relief sought, by Plaintiff, is monetary thus not within the scope of the appeal process; as such the court is the proper forum for resolution." (Id. at 3.) Blair states that "[h]igh-ranking prison officials may be liable for excessive force used by lower-level prison staff . . . ," (id. at 3), and concludes that Defendants' motions for summary judgment should be denied, (see id. at 5).

Defendant Valdez asserts in his reply that Plaintiff's arguments in his opposition are unpersuasive. (See Def. Valdez Reply 2, ECF No. 29.) Valdez maintains that he satisfied his initial burden of showing there is no genuine issue of material fact as to Blair's failure to exhaust. (Id. at 2-3.) Plaintiff did not introduce any evidence to show that he was prevented from exhausting his remedies. (Id. at 3-4.) Citing Booth, 532 U.S. 731, Valdez further states that Blair's request for a monetary award does not excuse him from his duty to exhaust. (Id. at 4-5.) He argues that Plaintiff's appeal did not contain any claims against Valdez, (id. at 5-8), and asserts that Irvin and other case law cited by Blair is inapplicable because it predated the 2011 revisions to CDCR's administrative procedures. (Id. at 7 (citations omitted).) Valdez explains that under these new procedures, "to properly exhaust his administrative remedies, Plaintiff was required to identify by name or rank Defendant O. Valdez in his 602 appeal, which he admittedly failed to do." (Id.) The Defendant concludes that summary judgment should be granted in his favor. (Id. at 8.)

In their reply, Defendants Montgomery and McNair also argue that they have satisfied their initial burden of showing that there is no genuine issue of material fact as to Blair's failure to exhaust his claims against them. (Defs. Montgomery & McNair Reply 2-3, ECF No. 26.) They maintain that Plaintiff failed to introduce evidence in his opposition to dispute his failure to exhaust, (id. at 3-4), and that Blair conceded that he did not identify Montgomery and McNair or Trimble's violent history in his appeals, (id. at 4). As with Defendant Valdez, Montgomery and McNair assert that the case law cited by Plaintiff pre-dates the 2011 revisions to the CDCR's administrative procedures. (Id.) The grievances that Blair filed failed to identify them by name or rank, or address prior

violent incidents involving Trimble. (Id. at 5.) Like Valdez, they argue that exhaustion is required regardless of the relief sought and summary judgment should be granted in their favor. (Id. at 5-6 (citations omitted).)

The Court has reviewed the administrative appeals filed by Plaintiff and finds that Blair's claims against Defendants Montgomery, McNair, and Valdez are not exhausted. Although Plaintiff did name Defendant Trimble in his appeals, he did not list Defendants Montgomery, McNair, or Valdez. (See Def. Valdez Mot. Summ. J. Attach. #3 Decl. Nava Ex. A, at 5-11, ECF No. 19.) As a result, Defendants have met their initial burden under Albino v. Baca, 747 F.3d at 1172. The burden now shifts to Blair, who must prove that administrative remedies were effectively unavailable to him. See id.; Nunez v. Duncan, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010).

Plaintiff makes several arguments in his opposition to Defendants' motions for summary judgment, (see Opp'n Mots. Summ. J. 1-5, ECF No. 25), but only two directly address why failure to exhaust should not bar his suit. First, Blair claims that his administrative appeals put the three Defendants on notice of the claims against them. (See id. at 2-3 (citing Griffin, 557 F.3d 1117; Gomez, 177 F. Supp. 2d 977; Irvin, 161 F. Supp. 2d 1125).) The current regulations provide as follows:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15 § 3084.2(a)(3) (2011) (emphasis added). Thus, an inmate is not required to name an involved staff member if the identity of that staff member is unknown. See id. Here, at the time he filed his Complaint, Plaintiff knew Defendants Montgomery, McNair, and Valdez by name because he listed them in the pleading. (See

Compl. 2, ECF No. 1.) There is nothing in his grievances suggesting that Blair was complaining about correctional officers other than Trimble and attempting to include them in his grievances. (See Compl. 10-20, ECF No. 1.) As a result, Plaintiff's failure to include the Defendants in his appeals leaves these claims unexhausted. See Goudlock v. Hernandez, Civil No. 08cv204 BEN(RBB), 2009 WL 2982825, at *6 (S.D. Cal. Aug. 4, 2009) (citations omitted) (finding that claims were unexhausted where the "Plaintiff's grievance does not contain any allegations relating to the medical care he received for injuries sustained on June 15, 2007, or any staff members at the clinic[]").

Second, Blair appears to assert that because he only seeks monetary relief in this litigation, he does not have to exhaust administrative remedies. (See Opp'n Mots. Summ. J. 3, ECF No. 25.) But the Supreme Court has held that the administrative exhaustion requirement under the PLRA is the same regardless of the relief sought. See Booth, 532 U.S. at 734 ("The question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must."). Plaintiff does not provide this Court with a basis for not following established Supreme Court precedent.

In sum, Blair has not rebutted the evidence presented by Montgomery, McNair, and Valdez; he has not shown that he exhausted his administrative remedies as to his claims against them. See Sisneros v. Brown, No. 14cv0891 GPC (RBB), 2015 WL 4662056, at *15 (S.D. Cal. Aug. 6, 2015) ("Plaintiff has failed to 'come forward with evidence' sufficient to rebut the ample evidence offered by Defendants Brown and Mendez which, even when viewed in the light most favorable to Plaintiff, shows both the availability of California's prison administrative procedures, and his failure to properly exhaust those procedures."). As a result, these Defendants' motions for summary judgment should be **GRANTED**.

**B. Motion to Dismiss**

**1. Legal standards**

**a. Standards applicable to pro se litigants**

The Court is required to construe Blair's complaint liberally and give him any benefit of the doubt. See Karim-Panahi, 839 F.2d at 623. In giving liberal interpretation to a pro se civil rights complaint, courts "may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (citation omitted) (internal quotation marks omitted).

Nevertheless, the court must give a pro se litigant leave to amend his complaint "'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, before a pro se civil rights complaint may be dismissed, the court is required to provide the plaintiff with a statement explaining the complaint's deficiencies. Karim-Panahi, 839 F.2d at 623-24 (citation omitted). But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. See James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

**b. Motions to dismiss for failure to state a claim**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint. See Davis v. Monroe Cty. Bd. of Educ., 526 U.S. 629, 633 (1999). A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court accepts as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and construes the complaint in the light most favorable to the plaintiff. Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004) (citing Karam v. City of Burbank, 352 F.3d 1188, 1192 (9th Cir. 2003)); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986) (citation omitted).

The court does not look at whether the "plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984); see Bell Atlantic Corp., 550 U.S. at 563 n.8. A dismissal under Rule 12(b)(6) is generally proper only where there "is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001) (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).

The court need not accept conclusory allegations in the complaint as true; rather, it must "examine whether [they] follow from the description of facts as alleged by the plaintiff." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted); see also Cholla Ready Mix, Inc., 382 F.3d at 973 (stating that on a Rule 12(b)(6) motion, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged" (quoting Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994))). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

In addition, when resolving a motion to dismiss for failure to state a claim, courts may not generally consider materials outside of the pleadings. Schneider v. California Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Jacobellis v. State Farm Fire & Cas. Co., 120 F.3d 171, 172 (9th Cir. 1997); Allarcom Pay Television Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider, 151 F.3d at 1197 n.1. This precludes consideration of "new" allegations that may be raised in a plaintiff's opposition to a motion to dismiss brought pursuant to Rule 12(b)(6). Id. (citing Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993)). "When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal [i]s proper . . . ." Parks Sch. of Bus., Inc., 51 F.3d at 1484 (citing Cooper v. Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)).

**c. Stating a claim under 42 U.S.C. § 1983**

To state a claim under § 1983, the plaintiff must allege facts sufficient to show that (1) a person acting under color of state law committed the conduct at issue, and (2) the conduct deprived the plaintiff of some right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C.A. § 1983 (West 2012); Shah v. Cty. of Los Angeles, 797 F.2d 743, 746 (9th Cir. 1986).

**2. Discussion**

The Motion to Dismiss is brought by Defendants Trimble, Montgomery, and McNair. (See Mot. Dismiss 2, ECF No. 22.) Trimble argues that Plaintiff's claim against him is barred by the Supreme Court case of Heck v. Humphrey, 512 U.S. 477 (1994), and that he is entitled to qualified immunity. (See id. Attach. #1 Mem. P. & A. 8-11, 14-15.)

As discussed above, the motion for summary judgment filed by Defendants Montgomery and McNair [ECF No. 20] should be granted. In the notice accompanying their Motion to Dismiss, Montgomery and McNair state that "[i]n the event the Court grants them summary judgment, then the bases in the instant motion for dismissal of

claims against Defendants Montgomery and McNair will be moot." (See Mot. Dismiss 2 n.1, ECF No. 22.) These Defendants do not seek a dismissal of the claims based on Heck. Instead, Montgomery and McNair argue that Blair's claims against them fail because he did not allege that "they were personally involved in the October 7, 2014 incident." (Id. Attach. #1 Mem. P. & A. 11.) Defendant McNair separately moves to dismiss the Eighth Amendment claim that he was deliberately indifferent when placing Blair in administrative segregation for sixteen days. (Id. at 13.) Because Blair has not exhausted his claims against Montgomery and McNair, and they are entitled to summary judgment on that basis, the Motion to Dismiss the claims against them should be **DENIED** as moot. Accordingly, the Court only addresses the arguments in the moving papers pertaining to Defendant Trimble.

**a. Heck bar**

Defendant Trimble notes that Blair was disciplined as a result of the October 7, 2014 incident and lost good-time credits. (Id. at 7.) Trimble specifies that Plaintiff was found guilty of "'Resisting a Peace Officer in Performance of His Duties'" and lost ninety days of good-time credits. (Id. (citing id. Attach. #2 Ex. A, at 3, 5).) Defendant argues that Blair's claim "is barred by the 'favorable termination doctrine' under Heck[, 512 U.S. 477]." (Id. at 8.) Trimble explains that Plaintiff's allegations of excessive force "contradict the findings of the CDCR disciplinary hearing officer, who found Defendant was in performance of his duties at all times when Plaintiff began resisting and until he was taken to the ground." (Id. at 9 (citing id. Attach. #2 Ex. A, at 2-5).) Further, a finding in favor of Blair would negate an element of the Plaintiff's disciplinary conviction for resisting a peace officer. (Id.) Defendant argues that California penal law governs the analysis under Heck and reasons that "[u]nder California penal law, an essential element to establish the offense of resisting a peace officer is that the officer must be engaged in the lawful performance of his/her duties." (Id. at 10 (citations omitted).) Trimble asserts that if he used excessive force on the Plaintiff, Blair could not have been found guilty of resisting a peace officer in the performance of his duties. (Id.)

Defendant additionally maintains that Blair's version of the October 7, 2014 events is inconsistent with the rules violation report. (Id. at 11 (citing Muhammad v. Garrett, 66 F. Supp. 3d 1287, 1301 (E.D. Cal. 2014).) Trimble notes that "[i]f Plaintiff prevailed on his claim against Defendant Trimble, it would necessarily invalidate the finding of the disciplinary hearing - that Plaintiff instigated the incident, causing Defendant Trimble to use physical force and take him to the ground to regain control." (Id.) Defendant maintains that Blair's Eighth Amendment claim against him is barred because success on this cause of action "would necessarily invalidate the finding of guilt, and the loss of good-time credits, resulting from the prison disciplinary action." (Id. (citing Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir. 2002).)

Plaintiff opposes the Motion to Dismiss and argues that Heck and other cases cited by Trimble are "opposite to Plaintiff's particular situation and the matter currently before the court." (Opp'n Mot. Dismiss 3, ECF No. 27.)

> [I]n [Heck] the Plaintiff was convicted, beyond a reasonable doubt, in a court of law; his claim was not based on his culpability or lack thereof but prosecutorial misconduct. If he won his case the state would be obliged to release him; the corollary necessitating he first must overturn his conviction because his claim and conviction were not compatible or reconcilable.

(Id. at 3.) Blair suggests that a person "can be guilty of resisting" when an officer negligently uses excessive force. (See id. at 3-4.) Plaintiff argues that his case is different from Heck because he "was not convicted of any crime, in a court of law, as it pertains to this matter." (Id. at 4.) He contends, "[T]here is a videotape of the incident that clearly contradicts the Defendants' recitation of facts and unequivocally supports Plaintiff's truthful relation of the incident; in sum, he did not resist and defendant M. Trimble engaged in excessive an unnecessary force." (Id.) Blair insists that he was not convicted of anything. (Id. at 4-5.) Rather, he "was found guilty by a bias[ed] correctional officer, with an apparent conflict of interest, presiding over a kangaroo court." (Id. at 5.) Plaintiff describes this process as "a complete sham," comparing it "to having Cain preside over the killing of Able." (Id.) He concludes that Defendant's

argument under Heck is "baseless and ludicrous," reiterating the bias of prison disciplinary systems. (Id. at 6.)

Trimble replies that Blair's arguments are unavailing because an element of resisting a peace officer is that the officer was performing lawful duties and that Plaintiff's version of the events is contradicted by the findings in the rules violation report. (Defs. Trimble, Montgomery, & McNair Reply 2, ECF No. 28.) Defendant repeats his argument that a finding in Plaintiff's favor in this case would imply that his prison discipline was invalid. (Id. at 2 (citing Heck, 512 U.S. at 487; Edwards v. Balisok, 520 U.S. 641, 648 (1997).) Trimble argues that the Heck bar applies to prison disciplinary matters. (Id. at 3 n.2.) Defendant reasserts that a judgment in favor of Blair would contradict an element of his disciplinary conviction. (Id. at 3.) Trimble also disputes that a finding of excessive force can coincide with a conviction for resisting a peace officer. (Id.)

It is well-established law that when a state prisoner challenges the legality or duration of his confinement, or raises constitutional challenges that could entitle him to earlier release, his exclusive federal remedy is a writ of habeas corpus. Heck, 512 U.S. at 481 (citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)); see also Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). The Supreme Court has emphasized that only habeas corpus jurisdiction is available to those attempting to "invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Dotson, 544 U.S. at 81 (emphasis added). "[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

Despite Plaintiff's arguments, the rule established by the Court in Heck has been extended to § 1983 claims that would imply the invalidity of deprivations of good-time credits resulting from prison disciplinary proceedings. Edwards, 520 U.S. at 643-48; see

also Wilkerson v. Wheeler, 772 F.3d 834, 840 (9th Cir. 2014) (reiterating the holding in Edwards). "[T]he applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003); see also Velarde v. Duarte, 937 F. Supp. 2d 1204, 1209 (S.D. Cal. 2013) ("[I]f a criminal conviction, prison disciplinary hearing, or other judgment 'arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which the section 1983 damages are sought, the 1983 action must be dismissed.'" (quoting Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996))). But "Heck does not bar a § 1983 claim that 'threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]'" Wilkerson, 772 F.3d at 840 (alterations in original) (quoting Muhammad v. Close, 540 U.S. 749, 751 (2004)).

The Court takes judicial notice of the October 7, 2014 incident and the finding that under CCR section 3005(b), Blair was guilty of resisting a peace officer in the performance of his duties, and as a result, Plaintiff lost good-time credits. (See Mot. Dismiss Attach. #2 Ex. A, at 4-8, ECF No. 22.)[3] In discussing convictions for resisting a peace officer under California Penal Code section 148(a)(1), the Ninth Circuit has held that the conviction "does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" Hooper v. Cty. of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011). There is little case law addressing whether a violation of section 3005(b) of title 15 of the California Code of Regulations would bar an excessive force claim under Heck. But at

---

[3] Defendant's request for judicial notice of the rules violation report is granted. Under Federal Rule of Evidence 201(b)(2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Having reviewed this document, the Court finds that its accuracy cannot reasonably be questioned.

least two district courts have found that, applying Hooper, such claims are not barred where separate factual predicates give rise to the rules violation and the claim for excessive force. See Brown v. Holland, No. C 13–2762 NC (PR), 2014 WL 1339687, at *4 (N.D. Cal. Mar. 28, 2014) ("As was the case in Hooper, defendant's restraint of plaintiff was effected in one continuous chain of events, involving two separate factual predicates, the first giving rise to plaintiffs disciplinary infraction, and the second giving rise to defendant's potential civil liability."); Williams v. Young, No. 2:12–cv–0318 KJN P, 2014 WL 505184, at *4 (E.D. Cal. Jan. 24, 2014) (same).

By contrast, here, the actions complained of in Plaintiff's claim against Trimble arise from a factual predicate inseparable from those giving rise to his rules violation. Blair's chief complaint against Defendant Trimble is that Plaintiff's wrists, hands, and knee were injured when he was handcuffed and brought to the ground. (See Compl. 4, ECF No. 1.) The the rules violation report includes the following account of the incident by Trimble, where the Defendant indicates Plaintiff's resistance:

> I then ordered Inmate BLAIR to turn around and cuff up. Inmate BLAIR appeared to comply with my order. As I cuffed Inmate BLAIR's left hand I ordered Inmate BLAIR to give me his right hand to which Inmate BLAIR refused. I again ordered Inmate BLAIR to give me his right hand and again he refused. At this time I grabbed Inmate BLAIR's right wrist and placed it into the handcuff. I then attempted to escort Inmate BLAIR to the Facility B Program Office. Due to Inmate BLAIR's aggressive demeanor and his refusal to comply with my orders during the time I was placing him in restraints I escorted Inmate BLAIR by putting my left arm thru his right arm with my left hand on his right shoulder. As I was escorting inmate BLAIR to Facility "B" Program Office Inmate BLAIR became verbally aggressive by stating, "You ain't nothing but a bitch, in fact you a punk bitch at that." At this time Inmate BLAIR attempted to pull away from me. I advised Inmate BLAIR to stop resisting me or I would have to take him down to the ground to which Inmate BLAIR stated, 'Punk bitch you ain't gonna do shit." Inmate BLAIR again attempted to pull away.

(Mot. Dismiss Attach. #2 Ex. A, at 6, ECF No. 22 (quoting the reporting employee's written report).) Because Plaintiff asserts that he was compliant with Trimble during this

incident, (see Compl. 3, ECF No. 1), a finding that this Defendant used excessive force while Blair was not resisting him would necessarily imply the invalidity of the rules violation finding that Blair was guilty of resisting a peace officer. See Dotson, 544 U.S. at 81-82. As a result, his excessive force claim against Trimble is barred under Heck.

Accordingly, Trimble's Motion to Dismiss Plaintiff's Complaint should be **GRANTED**. Because it is not clear whether Plaintiff could amend his pleading to allege a separate factual predicate and avoid the application of Heck to his claim against Trimble, Blair should be given leave to amend his Eighth Amendment claim against this Defendant.

**b. Qualified immunity**

In the Motion to Dismiss, Defendant Trimble also argues that he is entitled to qualified immunity. (Mot. Dismiss Attach. #1 Mem. P. & A. 16, ECF No. 22.) He states that "a prisoner has no 'clearly established' right to avoid the use of force after resisting an officer." (Id.) Defendant maintains that "[a] reasonable officer in Defendant Trimble's position would not have believed it unlawful to secure with significant force (even force sufficient to break a pinky) a resistive and evasive inmate, who had yet to be detained." (Id.) He further asserts that it is "safer and more reasonable, to perceive Plaintiff as a threat until he is fully restrained." (Id.) Blair does not address Trimble's argument regarding qualified immunity in his opposition to the Motion to Dismiss. (See Opp'n Mot. Dismiss 1-9, ECF No. 27.) Defendant notes this in the reply. (Defs. Trimble, Montgomery, & McNair Reply 5, ECF No. 28 (citing Mot. Dismiss Attach. #1 Mem. P. & A. 14-16, ECF No. 22).)

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. ___, ___, 132 S. Ct. 2088, 2093 (2012) (citations omitted). When considering a claim for qualified immunity, courts engage in a two-part inquiry: Do the facts show that the defendant violated a constitutional right, and was the right clearly established at the time of the

defendant's purported misconduct? See Pearson v. Callahan, 555 U.S. 223, 232 (2009). A right is clearly established if its contours are so clear that a reasonable official would understand his conduct was unlawful in the situation he confronted. Dunn v. Castro, 621 F.3d 1196, 1199-1200 (9th Cir. 2010). This standard ensures that government officials are on notice of the illegality of their conduct before they are subjected to suit. Hope v. Pelzer, 536 U.S. 730, 739 (2002). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful . . . ." Id. (citations omitted).

"[L]ower courts have discretion to decide which of the two prongs of qualified-immunity analysis to tackle first." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (citing Pearson, 555 U.S. at 236). "An official is entitled to summary judgment on the ground of qualified immunity where his or her 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" James v. Rowlands, 606 F.3d 646, 650 (9th Cir. 2010) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Courts should attempt to resolve this threshold immunity question at the earliest possible stage in the litigation "before expending 'scarce judicial resources' to resolve difficult and novel questions of constitutional or statutory interpretation that will 'have no effect on the outcome of the case.'" Ashcroft, 563 U.S. at 735 (quoting Pearson, 555 U.S. at 236-37). "If no constitutional violation is shown, the inquiry ends." Cunningham v. City of Wenatchee, 345 F.3d 802, 810 (9th Cir. 2003) (citation omitted).

Qualified immunity protects an officer who makes a decision that, even if constitutionally deficient, is based on a reasonable misapprehension of the law governing the circumstances he confronted. Brosseau v. Haugen, 543 U.S. 194, 198 (2004); see also Saucier v. Katz, 533 U.S. 194, 206 (2001) ("Qualified immunity operates . . . to protect officers from the sometimes 'hazy border between excessive and acceptable force[]' . . . ." (quoting Priester v. Riviera Beach, 208 F.3d 919, 926-27 (11th Cir. 2000))), abrogated in part on other grounds by Pearson, 555 U.S. at 236. The inquiry is

whether the officer knew his conduct was unlawful, and "reasonableness is judged against the backdrop of the law at the time of the conduct." Brosseau, 543 U.S. at 198. If at the time, the law did not clearly establish that the conduct violated the Constitution, the officer should not be subject to liability. Id. "The plaintiff bears the initial burden of proving that the right was clearly established." Sweaney v. Ada Cnty., Idaho, 119 F.3d 1385, 1388 (9th Cir. 1997) (citation omitted).

Here, the Court has recommended that Plaintiff's cause of action against Defendant Trimble be dismissed with leave to amend because it is barred under Heck. Therefore, any discussion of qualified immunity is premature until, and if, Blair amends his Complaint. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 793-94 (2nd Cir. 2002) (explaining that ruling on qualified immunity in the context of a Rule 12(b)(6) motion would be premature because the issue "turns on factual questions that cannot be resolved at this stage of the proceedings[]"); George v. Uribe, Civil No. 11cv70 JLS (RBB), 2012 WL 993254, at *15 (S.D. Cal. Feb. 17, 2012); Lambert v. Martinson, Civil No. 10cv01978 JLS(RBB), 2011 WL 7478283, at *12 (S.D. Cal. Dec. 7, 2011). Consequently, Trimble's Motion to Dismiss based on qualified immunity should be **DENIED** without prejudice as premature.

## III. CONCLUSION AND RECOMMENDATION

Defendants Valdez, Montgomery, and McNair's motions for summary judgment [ECF Nos. 19, 20] based on Plaintiff's failure to exhaust administrative remedies should be **GRANTED**. Defendants Trimble, Montgomery, and McNair's Motion to Dismiss [ECF No. 22] should be **GRANTED in part and DENIED in part**. The Motion to Dismiss should be **GRANTED** as to Blair's Eighth Amendment claim against Defendant Trimble because this claim is barred under Heck. Plaintiff should be given leave to amend this claim against Trimble. Trimble's Motion to Dismiss based on qualified immunity should be **DENIED** without prejudice as premature. The Motion to Dismiss the claims against Defendants Montgomery and McNair should be **DENIED** as moot.

This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before June 13, 2016. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before June 27, 2016.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: May 11, 2016

Hon. Ruben B. Brooks
United States Magistrate Judge

cc: Judge Bashant
All Parties of Record