UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERMAINE ROBERT BLAIR,<br><br>                     Plaintiff,<br><br>  v.<br><br>M. TRIMBLE, *et al.*,<br><br>                     Defendants. | Case No. 15-cv-00945-BAS(RBB)<br><br>**ORDER:**<br><br>(1) **ADOPTING REPORT AND RECOMMENDATION IN PART (ECF No. 31);**<br><br>(2) **GRANTING MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 19, 20); AND**<br><br>(3) **DENYING DEFENDANTS' MOTION TO DISMISS WITH RESPECT TO DEFENDANT TRIMBLE (ECF No. 22)** |

**I.    STATEMENT OF FACTS**

    **A.    The Allegations in the Complaint**

On October 7, 2014, as he was leaving the dining room at Calipatria State Prison, Plaintiff Jermaine Robert Blair claims he heard Correction Officer ("C.O.") Trimble say, "Yeah, shithead, I'm talking to you!" to which Blair responded, "Fuck you." (Complaint, ECF No. 1.) C.O. Trimble then approached Blair "in an aggressive manner" and, although Blair complied with his orders to turn around, he

"appl[ied] the handcuffs with such force they lacerated my skin and immediately stopped circulation." (*Id.*) C.O. Trimble then proceeded to "put his hand in an unconventional manner between my arm and over my shoulder to propel me forward" to the Program Office. (*Id.*) Enroute to the Program Office, words were exchanged, and C.O. Trimble "then attempted to slam me face first into the asphalt but I ended up on my knees; with him now applying a choke hold, attempting to choke me out." (*Id.*) Blaire claims the incident was captured on videotape and will confirm that C.O. Trimble's "actions were excessive, unnecessary and without justifiable provocation." (*Id.*)

### B.  The Disciplinary Hearing[1]

At Blair's November 13, 2014, disciplinary hearing, it was alleged that, on October 7, 2014, Blair resisted C.O. Trimble in the performance of his duties. (ECF No. 22-2, Ex. A.) The Hearing Officer considered a videotape of the incident, written reports from C.O. Trimble, as well as other witnesses, and Blair's oral testimony. (*Id.*) The Hearing Officer found Blair guilty of resisting a peace officer in the performance of his duties, because, at the initial escort, the video showed Blair stop and pull away, which temporarily prevented the escort from proceeding. (*Id.*) When asked at the hearing why he had initially paused, Blair was unable to explain the pause, so "[a]t that point, Inmate Blair began to resist which reasonably caused the officer to make adjustments on his grip before continuing with the escort." (*Id.*) The Hearing Officer made no findings about the later confrontation in which Blair was taken down to his knees or C.O. Trimble allegedly administered a choke hold, nor did the Hearing Officer make any findings about the tightness of the handcuffs.

As a result of the guilty finding, Blair was assessed 90 days forfeiture of credits and 10 days loss of yard. (*Id.*)

---

[1] C.O. Trimble requests that the Court take judicial notice of documents supporting Blair's November 13, 2014, disciplinary hearing. (ECF No. 22-2.) Blair does not object to this request, and the Court finds it is appropriate. *See* Fed. R. Evid. 201.

## II. LEGAL STANDARD

The Court reviews *de novo* those portions of a Magistrate Judge's Report and Recommendation ("R&R") to which objections are made. 28 U.S.C. §636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, "[t]he statute [28 U.S.C. §636(b)(1)(c)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Schmidt v. Johnstone,* 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court had no obligation to review the magistrate judge's report). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Reyna-Tapia*, 328 F.3d at 1121. This rule of law is well-established in the Ninth Circuit and this district. *See Wang v. Masaitis,* 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo review of a R & R is only required when an objection is made to the R & R."); *Nelson v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report in its entirety without review because neither party filed objections to the report despite the opportunity to do so).

Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge.) "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to object." *Alcantara v. McEwen*, No. 12-cv-401 IEG (DHB), 2013 WL 4517861 at *1 (S.D. Cal. Aug. 15, 2013) (citing cases).

//

//

//

## III. ANALYSIS

Blair indicates that he accepts the Magistrate Judge's R&R on the two Motions for Summary Judgment. (ECF No. 33.) Hence, the Court **GRANTS** the Motions for Summary Judgment with respect to Defendants McNair, Montgomery, and Valdez. (ECF Nos. 19, 20.)

Blair objects only to the Motion to Dismiss with respect to Defendant Trimble. (ECF No. 33.) Therefore, the Court turns to the Magistrate Judge's reasons for recommending dismissal with respect to Trimble.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a plaintiff seeks damages in a case that would "necessarily imply the invalidity" of an underlying conviction, the plaintiff cannot pursue a claim for damages and the complaint must be dismissed. *Heck*, 512 U.S. at 486. The Supreme Court extended this doctrine to a prisoner's claim for damages in a case that would "necessarily imply the invalidity" of a disciplinary proceeding. *Edwards v. Balisok*, 520 U.S. 641 (1997).

The Ninth Circuit has found, however, that "a conviction [for resisting arrest] does not bar a [42 U.S.C. § 1983] claim for excessive force under *Heck* when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'" *Hooper v. Co. of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011). Thus, by extension, if a plaintiff alleges a scenario whereby both the defendant acted with excessive force and the prison disciplinary infraction is valid, *Heck* is inapplicable. *See Brown v. Holland*, No. C 13-2762 NC (PR), 2014 WL 1339687, at *3 (N.D. Cal. Mar. 28, 2014); *William v. Young*, No. 2:12-cv-318 KJN P, 2014 WL 505184, at *4 (E.D. Cal. Jan. 24, 2014) (noting that if a reasonable fact finder could find the plaintiff violated Cal. Code Regs. tit. 15, § 3005 and the defendant had used excessive force, the excessive force finding would not necessarily imply invalidity of the disciplinary conviction, and thus *Heck* is inapplicable).

Although the R&R finds "the actions complained of in Plaintiff's claim against Trimble arise from a factual predicate inseparable from those giving rise to the rules violation," a review of the disciplinary record shows otherwise. The Hearing Officer specifically found that Blair resisted C.O. Trimble "at the initial escort" when he pulled away, or paused, preventing the escort from proceeding, "caus[ing] the officer to make adjustments on his grip before continuing with the escort." (ECF No. 22-2, Ex. A.) Therefore, to the extent Blair seeks damages because Trimble "put his hand in an unconventional manner between my arm and over my shoulder to propel me forward," the Court agrees that this claim was negated by the guilty finding in the disciplinary hearing and is thus barred by *Heck*.

However, the Hearing Officer makes no findings about the later take down and alleged choke hold on the way to the Program Office, nor does the Hearing Officer make any findings about the alleged tightness of the handcuffs. These are the two primary allegations in Blair's Complaint. Thus, it is conceivable that a fact finder could conclude that Blair resisted a peace officer when he pulled away from Trimble at the onset of the escort, but that Trimble used excessive force when he first handcuffed Blair and when he later took Blair to his knees and applied a choke hold. Because such an excessive force finding would not necessarily imply invalidity of the disciplinary conviction, *Heck* is inapplicable to these claims of excessive force.

Next, because the Court rejects the R&R's conclusion with respect to *Heck*, the Court must turn to Trimble's second argument that he is protected by qualified immunity. The Court agrees with the R&R that dismissing the case based on qualified immunity at this stage of the proceedings would be premature.

The defense of qualified immunity shields "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The law is clear

that use of excessive force by correction officers on a prisoner is a violation of the Eight Amendment. *Whitley v. Albers,* 475 U.S. 312, 318-19 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010).

Trimble argues that "[a] reasonable officer in Trimble's position would not have believed it unlawful to secure with significant force . . . a resistive and evasive inmate, who had yet to be detained." (ECF No. 22-1.) This is an issue that is more properly resolved on a motion for summary judgment, where Defendant is entitled to present evidence on his behalf, and the Court may properly consider such evidence. *See Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999) (affirming court's denial of motion seeking dismissal on the grounds of qualified immunity because the court's review was limited to the allegations in the complaint).

Whether Blair was "resistive and evasive" at the time Trimble applied the handcuffs or at the time Trimble was alleged to have taken Blair to his knees and placed him in a choke hold, whether the force was reasonable and necessary to detain Blair, or whether Blair was already detained, are issues that require consideration of the evidence. Presumably, the existence of a videotape will allow the Court to resolve this issue on a motion for summary judgment. *See Scott v. Harris*, 550 U.S. 372, 379-81 (2007). Hence, the Motion to Dismiss is **DENIED** as to Defendant Trimble.

## IV. CONCLUSION AND ORDER

In sum, Blair indicates that he accepts the R&R's conclusions on the two Motions for Summary Judgment. Accordingly, the Court **APPROVES** and **ADOPTS** the R&R **IN PART** (ECF No. 31) and **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 19, 20). Defendants McNair, Montgomery, and Valdez are **DISMISSED** from the case.

The Court **REJECTS** the R&R to the extent it recommends dismissal of Defendant Trimble. Therefore, Defendants' Motion to Dismiss (ECF No. 22) is

1 | **DENIED** as to Defendant Trimble.  Last, Defendants' Motion to Dismiss is
2 | **TERMINATED AS MOOT** with respect to Defendants Montgomery and McNair.
3 |       IT IS SO ORDERED.
4 | DATED:  August 10, 2016

Hon. Cynthia Bashant
United States District Judge